IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


LORRI ADAMS, individually,　)
et al.,　　　　　　　　　　　)
　　　　　　　　　　　　　　)
　　　Plaintiffs,　　　　　　)
　　　　　　　　　　　　　　)　　CIVIL ACTION NO.
　　　v.　　　　　　　　　　)　　1:13cv458-MHT
　　　　　　　　　　　　　　)　　　　(WO)
WILLIAM ROY CRISWELL,　　　 )
　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　 )

OPINION AND ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. See 28 U.S.C. § 1332; see also 2

James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 1998).

The notice of removal fails to meet this standard. The notice gives the "residence" rather than the "citizenship" of plaintiff Lorri Adams. An allegation that a party is a "resident" of a state is not sufficient to establish that a party is a "citizen" of that state. See Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995, 92 S.Ct. 534 (1971).

In addition, plaintiffs Adams and Starr Lindley have brought this lawsuit in their capacities as personal representatives for infants or incompetents. "[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2). Because the notice of removal does not set forth the citizenship of infants or incompetents P.P., E.F., and J.L., the notice does not adequately establish grounds for this court to assume removal jurisdiction of this matter.

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the defendant has until July 26, 2013, to amend the notice of removal to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this cause shall be remanded to state court.

DONE, this the 16th day of July, 2013.


    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE