IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
LORRI ADAMS, individually,  )
et al.,                     )
                            )
    Plaintiffs,             )
                            )       CIVIL ACTION NO.
    v.                      )         1:13cv458-MHT
                            )             (WO)
WILLIAM ROY CRISWELL,       )
                            )
    Defendant.              )
```

OPINION

This lawsuit, which arises out of an automobile collision, is now before the court on the parties' joint motion to approve the settlement of this case as to minor plaintiffs P.P., E.F., and J.L.  Minor P.P. (who is currently nine years old) and minor E.F. (who is currently 14 years old) are suing through Lorri Adams, their grandmother, guardian, and next friend. Minor J.L. (who is currently 15 years old) is suing through Starr Lindley, his mother and next friend.  Adams is also a plaintiff in her own right in this lawsuit.  The

defendant is William Roy Criswell.  The jurisdiction of this court was invoked pursuant to 28 U.S.C. §§ 1332 (diversity) and 1441 (removal).

Adams and the three minors claim that Criswell rear-ended a car driven by Adams and in which the minor plaintiffs were passengers.  Adams suffered serious injury; P.P. was taken to the hospital but suffered no serious injury; and J.L. and E.F. received no medical treatment.  Nevertheless, the minor plaintiffs allege that the collision caused them to suffer physical discomfort, neck injuries, mental anguish, and pain and suffering.

Adams and the three minors agreed to settle their claims for a total of $ 89,749. Adams will receive $ 74,999; P.P. will receive $ 8,250; and J.L. and E.F. will each receive $ 3,250.  All litigation costs will be taken out of Adams's portion of the settlement, but attorney's fees in the amount of 35 % will be taken out of each plaintiff's portion of the settlement.  Also,

2

since P.P.'s medical treatment was paid for by the Alabama Medicaid Agency, part of her settlement will go to satisfy that agency's subrogation interest in the amount of $ 243.16.  After the subrogation amount and attorney's fees are deducted, P.P. will receive $ 5,119.34; and, after attorney's fees are deducted, J.L. and E.F. will each receive $ 2,112.50.

Alabama law requires that a court hold a fairness hearing before a minor plaintiff's case may be settled. <u>Largo v. Hayes By and Through Nesbitt</u>, 534 So.2d 1101, 1105 (Ala. 1988). This is a rule of substantive law, which must be applied by federal courts sitting in diversity.  <u>Burke v. Smith</u>, 252 F.3d 1260, 1266 (11th Cir. 2001).  In order for the settlement to be binding on the minor, the hearing must involve "'examination or investigation into the facts.'" <u>Abernathy v. Colbert Cnty. Hosp. Bd.</u>, 388 So. 2d 1207, 1209 (Ala. 1980) (quoting  42 Am.Jur.2d Infants § 47 (1978)).

The court, therefore, conducted an on-the-record fairness hearing to determine whether to approve the settlement agreement between Criswell and minors P.P., J.L., and E.F.  In attendance were Adams and Lindley; counsel for Criswell; counsel for all four plaintiffs; and Joe Calvin Cassady, Sr., the court-appointed guardian at litem for the three minors.

The court reviewed the pleadings in this case, heard detailed oral explanations of the positions of all parties, and is now sufficiently familiar with the background surrounding this action, including the nature of the claims of liability and the various defenses raised by Criswell.  The court finds that there are factual questions surrounding liability and the appropriate amount of damages, so as to create substantial issues as to whether minors P.P., E.F., and J.L. are entitled to recover against Criswell and, if so, in what amount.

Also, guardian at litem Cassady represented that he believes the settlement is fair and in the three minors' best interests, particularly in light of the minimal injuries and treatment required by each minor.  The minors' guardians, Adams and Lindley, testified that they understood the nature and finality of the settlement.

The court is satisfied, based on all the representations and testimony at the hearing, that the terms and provisions of this settlement are understood and agreed to by all parties; that they are fair, just, and reasonable under the circumstances involved in this case: and that they are in the best interests of the three minors.

An appropriate judgment will be entered.

DONE, this the 3rd day of March, 2014.

                           /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE